**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL ILAW,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>DAUGHTERS OF CHARITY HEALTH SYSTEM, INC.,<br><br>        Defendant - Appellee,<br><br>  And<br><br>CARITAS BUSINESS SERVICES and O'CONNOR HOSPITAL,<br><br>        Defendants. | No. 12-15349<br><br>D.C. No. 5:11-cv-02752-LHK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Lucy Koh, District Judge, Presiding

Argued and Submitted October 6, 2014
San Francisco, California

Before: WARDLAW, W. FLETCHER, and WATFORD, Circuit Judges.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Miguel Ilaw appeals the district court's dismissal with prejudice of his Title VII action as untimely filed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court correctly concluded that Ilaw's Title VII action was untimely filed. After a party files a charge of discrimination with the EEOC and receives a right to sue letter, he must bring a Title VII action in state or federal court within 90 days of receiving the right to sue letter.[1] 42 U.S.C. § 2000e-5(f)(1)(A). Ilaw received his right to sue letter on October 22, 2010, but did not file his Title VII claims until June 7, 2011, over 220 days later. Because Ilaw failed to file his Title VII claims within 90 days of receiving his right to sue letter, his Title VII action was untimely. *Id.*

Ilaw argues that we should equitably toll the time for filing his Title VII claims because it was his attorney's misconduct that caused him to miss the 90-day deadline. We disagree. Equitable tolling applies only where the claimant demonstrates that he pursued his rights diligently, and that extraordinary circumstances stood in his way. *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96

---

[1]We need not decide whether Ilaw exhausted his administrative remedies with respect to Daughters of Charity Health System ("Daughters"), because even assuming the EEOC right to sue letter included Daughters, *see, e.g., Sosa v. Hiraoka*, 920 F.2d 1451, 1459 (9th Cir. 1990), Ilaw's Title VII action was untimely filed as to Daughters as well.

(1990); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A liberal reading of Ilaw's second amended complaint ("SAC") suggests that at some point during his communications with counsel, he stressed a desire to bring Title VII claims, among others, in either a state or federal court proceeding. Ilaw's email to counsel seeking clarification following their meeting asked whether counsel would file a federal "and/or" state action, which indicates that either forum would have been consistent with his wishes. Viewed in the light most favorable to Ilaw, counsel's failure to bring Title VII claims in the state court action that was ultimately filed, despite Ilaw's emphasis on the importance of such claims, was "at best a garden variety claim of excusable neglect" that does not warrant equitable tolling. *Irwin*, 498 U.S. at 96.

Nor did counsel's alleged failure to communicate with Ilaw during two unspecified time periods create the type of exceptional circumstances under which the principles of equitable tolling have been applied. *Id.* After counsel did not respond to Ilaw's email seeking clarification, Ilaw does not allege that he made any further efforts to contact counsel concerning his case, or that counsel failed to respond to any further communications.

Furthermore, after counsel filed the state court action, over two months remained until the 90-day period would run on Ilaw's Title VII claims. The SAC

3

does not explain why Ilaw failed to file his Title VII claims, which could have been

asserted in the state court action, within that time. Yet, while the state court action

was pending, he participated in mediation of his state claims, reached a settlement

which he then repudiated, and terminated both his counsel and the state court

action. Ilaw was well aware of the 90-day deadline, as his email indicates, but

failed to amend the state court action or to file the Title VII claims pro se until June

7, 2011. Therefore, the district court correctly concluded that Ilaw failed to

exercise due diligence to preserve his legal rights, and that equitable tolling does

not apply to extend the deadline. *Id*.

**AFFIRMED.**